In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00206-CR
______________________________


THE STATE OF TEXAS, Appellant
 
V.
 
COREY DEWAYNE FISHER, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 33,393-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            By the time the trial court released Corey Dewayne Fisher based on its finding that Fisher had
been denied a speedy trial, Fisher had been in jail for almost ten months on felony charges of
possession of more than four grams of cocaine with intent to deliver, possession of more than four,
but less than 200 grams of cocaine, and possession of a firearm by a felon. The State appeals. See
Tex. R. App. P. 26.2(b).
            This appeal concerns Fisher's charge of possessing a weapon while a felon. See Tex. Pen.
Code Ann. § 46.04 (Vernon Supp. 2005). The issues in this appeal are identical to those presented
in Fisher v. State, No. 06-05-00205-CR, the felony cocaine possession case. All but a few of the
facts presented in that appeal are the same as in this case. As a result, our opinion in that appeal is
directly applicable to this appeal, with only the differences noted below.
            In both cases, the State offered as its reason for delay its need to get laboratory work done
on the substance alleged to be cocaine. Certainly, before the State went to trial in the cocaine
possession case it needed a laboratory report that the substance was in fact cocaine. That report was
not needed at all to try the weapon possession charge. We recognize the State's right to try certain
charges together, and the benefit in economy of resources in doing that. See Tex. Pen. Code Ann.
§ 3.02 (Vernon 2003) (charges arising from same criminal episode may be tried together). But in
this case, the reason for delay—the second Barker


 factor—is weaker than in the cocaine possession
case and is therefore moderately weighted against the State.
            But, considering the other Barker factors and their relative weights as stated in Fisher v.
State, No. 06-05-00205-CR, we still hold the trial court erred in weighing the Barker factors. As we
state in our opinion in the companion appeal, the length of the delay should be accorded a slight
weight against the State, Fisher's assertion of his right to a speedy trial should be accorded a slight
weight against Fisher, and the prejudice factor should be weighted moderately against Fisher.



            We conclude the weight we have assigned the various factors fails to tip the scales of justice
in favor of finding a violation of Fisher's right to a speedy trial. Therefore, we reverse the trial
court's judgment and remand this case for further proceedings in accordance with this opinion.
 
                                                                        Josh R. Morriss, III
                                                                        Chief Justice

Date Submitted:          May 18, 2006
Date Decided:             June 20, 2006

Publish